UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 08-303 ABC (JCx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Bestford USA, Inc., et al. v. J.R. Off Price Clothing, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Daphne Alex | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None Present | | None Present | |

**Proceedings:**     ORDER RE: Motion to Stay Pending Criminal Prosecution (In Chambers)

     Pending before the Court is Defendant Colin Tsai's ("Tsai's") Motion to Stay this proceeding as to him pending conclusion of parallel criminal proceedings. Plaintiffs Bestford USA, Inc.. Studio IP Holdings, LLC, and Guru Denim ("Plaintiffs") opposed on July 17, 2008 and Tsai filed no reply. The Court finds this matter appropriate for resolution without oral argument and will not hear argument at the August 4, 2008 hearing date. Fed. R. Civ. Proc. 78; Local Rule 7-15. The parties are still ORDERED to appear for the Scheduling Conference on August 4, 2008 at 10:00 a.m. The Court DENIES Tsai's motion.

     Around January 15, 2008, the United States District Court for the Southern District of New York issued a warrant for Tsai's arrest based on a sealed criminal complaint alleging violations of 18 U.S.C. § 371 and 18 U.S.C. § 2320. The warrant alleges that Tsai was part of a conspiracy to traffic and attempt to traffic goods and services using counterfeit marks. Tsai, who is a freight forwarder, was allegedly part of a plot to import counterfeit clothing from China and sell it in the United States. The instant civil suit is based on these same activities. Plaintiffs claim to own trademarks that they have used in connection with the sale of clothing and apparel. In their first amended complaint, Plaintiffs allege that Tsai and the other named Defendants engaged in unfair competition and willful trademark infringement and dilution by using Plaintiffs' marks on "counterfeit" merchandise. The first amended complaint refers to the parallel criminal proceeding against Tsai in New York.

     Tsai has moved to stay this case until the New York proceeding is resolved. Generally, defendants are not entitled to a stay or continuance of a civil case merely because criminal charges are also pending. See IBM Corp. v. Brown, 857 F. Supp. 1384, 1387 (C.D. Cal. 1994). "Indeed, it is well established that parallel civil and criminal proceedings can be brought and pursued against the same defendant 'simultaneously and successively.'" Id. (quoting Standard Sanitary Mfg. v. United States, 226 U.S. 20, 52 (1912)). The Court has discretion to grant or deny a stay in a civil case. Id. The Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-303 ABC (JCx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Bestford USA, Inc., et al. v. J.R. Off Price Clothing, Inc., et al. | | |

Circuit has identified several factors to consider in granting a stay: (1) the extent to which the Fifth Amendment is implicated; (2) the burden on the defendant of proceeding with the action; (3) the interest to the plaintiff in proceeding expeditiously and the prejudice to the plaintiff of a delay; (4) the convenience of the Court in managing its cases and the efficient use of judicial resources; (5) the interest of persons not parties to the civil litigation; and (6) the public's interest in the pending proceedings. See Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902-03 (9th Cir. 1989).

     While Tsai's Fifth Amendment rights might be implicated in this case and the "choice between testifying or invoking the Fifth Amendment may be difficult . . . it does not create the basis for a stay." IBM, 857 F. Supp. at 1389 (citation and quotations omitted). As in IBM, where the court noted that the potential crime had already been uncovered and charged, Tsai's participation in this case runs little risk that a new crime against him will be uncovered and implicate his Fifth Amendment rights. For example, if no crime had been charged, Tsai's testimony might reveal both a crime and his potential guilt. But when a crime has been charged, the testifying defendants have already been identified as targets, and their Fifth Amendment interests are mitigated. Id. at 1390. Further, imposing a stay in this case after criminal charges have already been brought would allow Tsai to use the Fifth Amendment as both a sword to delay the civil action and a shield to avoid testifying in the criminal action. See id. at 1390.

     In contrast, Plaintiffs' and the public's interests would be significantly compromised by imposing a stay. Both the civil and criminal matters involve Tsai's alleged unlawful importation of counterfeit goods into the United States. The public has a significant interest in bringing perpetrators to justice and imposing a stay here would simply allow Tsai to assert his best defenses in both proceedings. While he has Fifth Amendment interests, Tsai does not have a right to proceed with the best defense in any civil action. In fact, a jury may draw adverse inferences from invocation of the Fifth Amendment in civil cases. See, e.g., Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995) ("Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." (citation omitted)).

     Further, Plaintiffs have a strong interest in being made whole, which is not guaranteed by the criminal proceeding. As the court in IBM stated, "[i]t is hard to see why the indirect societal interest in bringing to justice the perpetrators of crimes should ever take precedence over the direct interest of the victims of crimes to obtain redress for their losses." 857 F. Supp. at 1391. Unlike the criminal charges against Tsai, intent is not an element of Plaintiffs' claims here. See, e.g., Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1394 (9th Cir. 1993) ("A party claiming trademark infringement need not prove intent to deceive because intent is not a necessary element of trademark infringement."). Intent is often difficult to prove in criminal prosecutions; "[t]o require the victim to forego the pursuit of its own rights for an indeterminate period, while awaiting the doubtful outcome of an investigation done in pursuit of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-303 ABC (JCx) | Date | July 31, 2008 |
|---|---|---|---|
| Title | Bestford USA, Inc., et al. v. J.R. Off Price Clothing, Inc., et al. | | |

broader interests, seems unnecessary and unfair." IBM, 857 F. Supp. at 1391.

Finally, judicial economy is ultimately served by denying a stay in this case. While Tsai claims that discovery could proceed in his absence, Plaintiffs claim that he has most of the discoverable information. Cf. Rodriguez v. Summit Mortg. Realty, Inc., 2007 U.S. Dist. LEXIS 53179, at *7 (N.D. Cal. 2007) (imposing stay in part because other discovery could proceed). Even if he does not, over time evidence disappears and memories fade, so timely discovery is critical to protecting Plaintiffs' interests. Likewise, "a policy of issuing stays solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration." IBM, 857 F. Supp. at 1392 (citation omitted). Tsai has not suggested whether a trial date has been set in the criminal case or how far that case has progressed, so any stay would have an uncertain duration.

Although Tsai suggests otherwise, the Court will not duplicate efforts undertaken in the criminal proceeding. The underlying factual scenario may be the same, but the legal issues are different and may require different discovery and resolution. While the "trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities," see Bureerong v. Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (brackets in original), Tsai has offered no specific reason why the criminal proceeding would be compromised by allowing discovery here.

In short, the interests in this case weigh against imposing a stay in favor of Tsai pending resolution of the criminal case against him. Tsai's motion to stay is DENIED.

**IT IS SO ORDERED.**

                                                                                    :
                                        Initials of Preparer         DA